(Decided 4th December, 1878.)

---

SAMUEL A. KENNEDY and ANNIE KENNEDY, HIS WIFE *vs.* ROBERT LANGE.

*Landlord's right to distrain Goods on Demised Premises— Wife's property on premises where the Husband is not the Landlord's Tenant, not exempted under Art. 3, sec. 43, of the Constitution of* 1867.

For rent due and in arrear, a landlord may distrain any goods of a third party found on the demised premises, unless by statute they are specially exempted from seizure.

Art. 3, sec. 43, of the Constitution of 1867, which declares that "the property of the wife shall be protected from the debts of her husband," does not exempt from distress furniture belonging to the wife of a person, who was not the landlord's tenant, and which chattels were on the demised premises when the distress was levied.

APPEAL from the Baltimore City Court.

The facts are stated in the opinion of the Court.

*Exception.*—It was admitted and proved in this case that Kennedy and wife were not the tenants of the

avowant, Lange, but that one Bartlett was the tenant of said Lange, and that said Bartlett was indebted for rent in arrear to the amount of ——— dollars; that the goods in controversy, being household furniture, were seized and taken under a writ of distraint to satisfy the rent in arrear due by Bartlett; it was also admitted and proved that said chattels were the sole and separate property of Annie Kennedy, wife of Samuel A. Kennedy, plaintiffs in the replevin.

The plaintiffs in replevin offered the following prayer:

The plaintiffs in replevin pray the Court to instruct the jury, that if they find from the evidence that the plaintiffs, Kennedy, were not indebted to Robert Lange, the avowant in this case, and never rented the premises No. 112 Broadway, referred to in the evidence, and that the goods and chattels seized and taken under the writ of distraint were the sole and separate property of Annie Kennedy, wife of Samuel A. Kennedy, and said Lange was told that they were, and they should find that they were the property of said Annie, that then the avowant is not entitled to recover in this action, and their verdict will be for the plaintiffs in replevin.

The avowant then offered the following prayer:

If the jury find that William Bartlett rented the premises, No. 112 Broadway, from Robert Lange, and at the time of the levying of the distress, (if they shall so find,) that rent was in arrear; and shall find that the property levied upon under the distress was on the premises, and so levied upon, then their verdict must be for said Lange for the return of the property, and such sum or rent due as the jury shall find to be in arrear.

The Court (PINKNEY, J.,) granted the prayer of the avowant and rejected that of the plaintiffs. To which ruling the plaintiffs excepted, and the verdict and judgment being for the avowant, the plaintiffs appealed.

The cause was argued before Bartol, C. J., Bowie, Brent, Miller and Alvey, J.

*William E. Gleeson,* for the appellants.

It is conceded that the property of a third party, if found on the demised premises, is liable to distress, except in a few specially excepted cases falling under the statutory exemptions. It is claimed, however, that with respect to the property of a married woman, that it is exempt from every conceivable form of seizure and liability for the debts of the husband, by section 43, Article 3 of the Constitution of Maryland, 1867. It is provided by this section that "the property of the wife shall be protected from the debts of the husband."

"The words in the Constitution. are to be construed according to their plain import and ordinary meaning, and common acceptation:" and in interpreting a Constitution which has been established by the direct vote of the people, this is the paramount rule to be observed. *Bandell vs. Isaac,* 13 *Md.,* 223; *Grover vs. Slaughter,* 15 *Peters,* 449; 1 *Story on the Constitution, sections* 424, 425, 426, 427, 428; *Greencastle Township, &c. vs. Black,* 5 *Indiana, (Porter,)* 557; *Gibbons vs. Ogden,* 9 *Wheat.,* 1.

Though, in the present case, it is the debt of the husband, constructively; there being no privity between the appellee and the husband of the appellant, it is nevertheless, in no view, the debt of the wife; she was never, at any time, nor in any sense, liable for this rent; and if her property is protected from seizure, and cannot be made answerable for debts of the husband contracted by him, *a fortiori,* it would seem that it is not liable for his constructive or implied liabilities. In Maryland, the writ of distraint is in the nature of an execution; by it the landlord is constituted the judge, jury and sheriff in his own person. It is no longer a pledge as, in its origin, it was at common law. 2 *Will. & Mary, ch.* 5; 1 *Code,* 367–369; 3 *Blackstone's Com.,* 13, 14.

---

---

*Fetter S. Hoblitzell,* for the appellee.

The landlord may distrain, for rent due and in arrear, any goods found on the premises, no matter to whom they belong, unless specially exempted by statute. *Treiber vs. Knabe & Betts,* 12 *Md.,* 494; *Longwell, &c. vs. Ridinger,* 1 *Gill,* 57; *Smith's Land. and Ten.,* 129.

The provision of the Constitution, Article 3, section 43, has no application in this case, because the landlord's lien on the goods seized, attached by reason of the place in which they were, and not on account of the person to whom they belonged. *Woodfall's Land. and Ten.,* 394; *Lear vs. Caldecott,* 4 *Adolph and Ellis, (N. S.,)* 128; *Gilbert vs. Moody,* 17 *Wendell,* 354.

MILLER, J., delivered the opinion of the Court.

The record in this case shows that one Bartlett rented a dwelling-house from the appellee, Lange, and the rent being due and in arrear, the landlord distrained upon a piano and certain articles of household furniture found in the house. The chattels so seized were the sole and separate property of Annie Kennedy, wife of Samuel A. Kennedy, and she has brought an action of replevin to recover the same.

It is well settled that a landlord may distrain for rent due and in arrear, any goods of a third party found on the demised premises, unless they are specially exempted from seizure by statute, and it is conceded, there is no statutory exemption for such property as was seized in this case. It has been however seriously argued, that the provision of the Constitution, (Art. 3, sec. 43,) which declares that "the property of the wife shall be protected from the debts of her husband," prevented the landlord from levying this distress upon the appellant's furniture. But it is only necessary to say in answer to this argument, that in this case the husband was not the tenant of the appellee, nor in any wise indebted to him. The wife's

property was not taken for the debts of her husband, but was seized by the landlord for rent in arrear and due by *his* tenant Bartlett, and was so taken simply because it was on the demised premises when the distraint was made. There is no error in the rulings of the City Court and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 4th December, 1878.)